## HENRY LOVELADY v. THE STATE.

No. 13972.   Delivered March 18, 1931.

The opinion states the case.

*Fairchild & Redditt* and *R. C. Musslewhite,* all of Lufkin, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

LATTIMORE, JUDGE.—Conviction for theft of cattle; punishment, two years in the penitentiary.

We find much sharp controversy in the facts as to whether an animal appropriated and sold by appellant was a heifer or a steer, the solution of this question relating itself materially to the question of guilt. The alleged theft was committed quite a while prior to the trial, but on the trial a hide was brought to the court house in a sack. The hide seems to have been exhibited in the court room. State witnesses testified it was a hide sold by appellant to a witness about the time of the disappearance of the alleged stolen animal, and that it was the hide of a bull yearling. Appellant had engaged to sell, about the time of the occasion in question, a

heifer. He delivered the meat of an animal purporting to be that of a heifer which he had engaged to sell.

After the conclusion of the argument, and by agreement of both sides, the jury were permitted to view and examine the hide referred to. It is not clear whether they examined it alone or in the presence of any outside party. That the result of their examination of said hide was vigorously debated in the jury room is apparent. One juror, who had been engaged rather extensively in the business of skinning cattle and selling their meat and hides, affirmed positively in the jury room that as a result of his examination he was able to tell his fellow jurors that the hide in question was off a bull. This was admitted by the juror upon the hearing of the motion for new trial, and was affirmed by other jurors who expressed their deference to the opinion of said juror in stating that this was a bull hide and stated same had weight with them in arriving at that conclusion. In addition to the above, it was set up in the motion for new trial that the jury conversed with other persons in violation of law. As we understand the record, the room in which the jury were kept was contiguous to the jail in which were a number of prisoners. Several jurors affirmed that the same juror who asserted his ability to distinguish the sex of the slain animal by his examination of said hide, talked with a woman prisoner in the jail while the jury were in retirement. The juror referred to admitted that he talked with the woman, but she merely asked him if he would make her bond, and that he told her he would see about it after they were discharged. Other jurors affirmed that they saw him talking to her five or ten minutes. Still other jurors affirmed that the same gentleman, while on the jury, expressed his opinion of a certain State witness who was known to him to be a truthful, upright man; that he said of one of the witnesses for the defense that he was a dope fiend. This court can not lend its sanction to a verdict and judgment in a case where it appears that the statutes against the jury receiving evidence after their retirement and forbidding them to converse with any person regarding the case, so plainly appears to have been violated. The authorities upon these matters are numerous and well understood. Bouldin v. State, 8 Texas App., 335.

Where it appears upon the hearing of the motion for new trial that a juror has conversed with outside persons, the burden is upon the State to show that such conversation was not regarding the case under consideration and was not of such nature as that injury might result. This record appears plain upon the proposition that the jury received testimony after their retirement of such nature as to vitiate the verdict. We are not satisfied that the State discharged its burden to show that the conversation with outside parties was not about the case.

The judgment will be reversed and the cause remanded.

*Reversed and remanded.*